09-8111-CRJ

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.   8:09-CR-187-T-
                                                 18 U.S.C. § 1470
ROBERT McKENZIE                                  18 U.S.C. § 2422(b)
                                                 18 U.S.C. § 2252(a)(1)
                                                 18 U.S.C. § 1467 - Forfeiture
                                                 18 U.S.C. § 2253 - Forfeiture

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about March 26, 2007, in Polk County in the Middle District of Florida and elsewhere, the defendant,

ROBERT McKENZIE,

did knowingly use a facility and means of interstate commerce, to wit: a computer, to transfer and attempt to transfer obscene matter to an individual whom the defendant believed had not attained the age of sixteen years.

In violation of Title 18, United States Code, Section 1470.

### COUNT TWO

On or about May 29, 2007, in Polk County in the Middle District of Florida and elsewhere, the defendant,

ROBERT McKENZIE,

did knowingly use a facility and means of interstate commerce, to wit: a computer, to transfer and attempt to transfer obscene matter to an individual whom the defendant believed had not attained the age of sixteen years.

In violation of Title 18, United States Code, Section 1470.

### COUNT THREE

From in or about June, 2006, and continuing until in or about June, 2007, in Polk County, in the Middle District of Florida and elsewhere, the defendant,

### ROBERT McKENZIE,

did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of eighteen years to engage in a sexual act for which any person can be charged with a criminal offense, by use of a facility and means of interstate commerce, that is, a telephone and a computer and modem with access to the Internet.

In violation of Title 18, United States Code, Section 2422(b).

### COUNT FOUR

On or about March 25, 2007, in Polk County in the Middle District of Florida and elsewhere, the defendant,

### ROBERT McKENZIE,

did knowingly transport and ship and cause to be transported and shipped in interstate and foreign commerce, by use of a means and facility of interstate commerce, to wit: a computer, visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of minors engaging in sexually explicit conduct.

In violation of Title 18, United States Code, Sections 2252(a)(1).

## FORFEITURES

1. The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 1467, and Title 18, United States Code, Section 2253.

2. From his engagement in violations alleged in Counts One and Two of this Indictment, in violation of Title 18, United States Code, Section 1470, the defendant, ROBERT McKENZIE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1462, all of his right, title, and interest in:

   a. Any obscene material produced, transported, mailed, shipped, or received in violation of Chapter 71;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

3. From his engagement in violations alleged in Counts Three and Four of this Indictment, in violation of Title 18, United States Code, Sections 2252 and 2422, the defendant, ROBERT McKENZIE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his right, title, and interest in:

   a. Any visual depiction described in Title 18, United States Code, Section 2252, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Sections 2251 through 2258;

3

  b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code Section 853(p), as incorporated by Title 18, United States Code, Section 1467(b) and Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

_____
Foreperson

A. BRIAN ALBRITTON
United States Attorney

By: _____
AMANDA C. KAISER
Assistant United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney
Deputy Chief, General Crimes Section

N:\Criminal Cases\M\McKenzie, Robert_2007R01206_ackv_indictment.wpd  4